IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09CR109 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| JEFFREY WELKER, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

NOW ON THIS 8th day of July, 2009, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. The Defendant has entered into a Plea Agreement, whereby he has agreed to plead guilty to Counts I, IV, VII and VIII of said Indictment. Count I charges the Defendant with one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count VII charges the Defendant with one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. 924(c). Count VIII of said Indictment sought the forfeiture, pursuant to 21 U.S.C., § 853, of $5,113.00 in United States currency on the basis it was used or was intended to be used to facilitate said controlled substance violation and/or was derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation. Count IV of said Indictment sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Ruger Rifle, Model 77/17, .17 caliber, Serial No. 703-25984; a Thompson (Center Arms Co.) Rifle, Model Encore, 7mm-08 caliber, Serial No. PS67950; a Ruger Rifle, Model M77 Mark II, 280 Caliber, Serial No. 784-59858; a Ruger Rifle, Model M77, 22-250 caliber, Serial No. 710-49091; an Armalite Rifle, Model AR-10, 7.62x39 caliber, Serial No. US306550; a Norinco (North China

Industries) Rifle, Model MAK-90 Sporter, 7.62x39 caliber, Serial No. 9324931; and a Springfield XD 40 handgun, Serial No. US268355, on the basis they were firearms involved or used in the knowing commission of the offense charged in Count II.

2. Based on Count IV and the factual basis set forth at the Rule 11 proceedings and the Supervised Release Violation hearing (Case No. 8:02CR230) the above-referenced properties are forfeitable. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C., § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Counts IV and VIII of the Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the $5,113.00 in United States currency, a Ruger Rifle, Model 77/17, .17 caliber, Serial No. 703-25984; a Thompson (Center Arms Co.) Rifle, Model Encore, 7mm-08 caliber, Serial No. PS67950; a Ruger Rifle, Model M77 Mark II, 280 Caliber, Serial No. 784-59858; a Ruger Rifle, Model M77, 22-250 caliber, Serial No. 710-49091; an Armalite Rifle, Model AR-10, 7.62x39 caliber, Serial No. US306550; a Norinco (North China Industries) Rifle, Model MAK-90 Sporter, 7.62x39 caliber, Serial No. 9324931; and a Springfield XD 40 handgun, Serial No. US268355.

C. The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E. Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F. Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this 8th day of July, 2009.

                **BY THE COURT:**

                s/ Joseph F. Bataillon
                **JOSEPH F. BATAILLON, JUDGE**
                **United States District Court**