IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>JEFFREY WELKER,<br><br>     Defendant. | 8:09CR109<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on the defendant Jeffrey Welker's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255"). § 2255 Motion, Filing No. 66. The defendant pleaded guilty to Counts I, IV, VII, and VIII of the Indictment for possession with intent to distribute methamphetamine (mixture), possession of a firearm in furtherance of a drug trafficking crime, as well as two forfeiture counts, agreeing to relinquish currency and firearms. Plea Hearing, Filing No. 24; Indictment, Filing No. 1. As per the plea agreement, the court sentenced the defendant to a term of imprisonment of 144 months (84 months on Count I and 60 months on Count VII, served consecutively), followed by a three-year term of supervised release. Plea Agreement, Filing No. 29 at 4; Sentencing Hearing, Filing No. 35.

  Welker appealed to the United States Court of Appeals for the Eighth Circuit. Notice of Appeal, Filing No. 43. On appeal, Welker claimed this court erred by failing to engage in a sufficient plea colloquy. *United States v. Welker*, 382 Fed. Appx. 534, 535, 2010 WL 2542966 (8th Cir. 2010). Therefore, the defendant argued, the Eighth Circuit should have struck down the appeal waiver contained in the plea agreement. *Id.* The

Eighth Circuit determined the defendant entered into the agreement knowingly and voluntarily. *Id.* The court enforced the agreement, dismissing Welker's appeal. *Id.* The defendant then filed a petition for writ of certiorari with the Supreme Court of the United States, which was denied. Petition for Cert. Filed, Filing No. 61; Petition for Cert. Denied, Filing No. 62.

In his § 2255 motion, the defendant claims his attorneys at both the trial and appellate level provided ineffective assistance of counsel. Brief in Support of § 2255 Motion, Filing No. 67. The defendant raises five grounds for this assertion: (1) counsel did not advise Welker about the plea agreement or the elements of the charges he faced, (2) counsel did not investigate the charges against the defendant, (3) counsel failed to object to insufficient evidentiary basis to support a guilty plea, (4) counsel failed to advocate for the defendant at sentencing, and (5) appellate counsel failed to brief procedural and substantive matters. *Id.* As discussed below, the defendant's claims lack merit.

**I.   Law:  Two-Prong *Strickland* Test for Ineffective Assistance of Counsel**

Under 28 U.S.C. § 2255, a federal prisoner is entitled to "relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). A movant may raise ineffective assistance of counsel issues in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth

Amendments, the right to assistance of counsel extends to both trial and the to a defendant's first appeal of right. See *Gideon v. Wainwright*, 372 U.S. 335, 344 (1963) (stating the right to counsel is fundamental at the trial level); *Evitts v. Lucey*, 469 U.S. 387, 392-93 (1985) (discussing the fundamental right to effective assistance of counsel on a criminal defendant's first appeal as of right).

The right to counsel includes the right to reasonably effective counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar two-part *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice).'" *King*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. April 1, 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.* at 906 (citing *Bobby v. Van Hook*, 558 U.S. 4, 6, 130 S. Ct. 13, 16 (2009) (per curiam)). The court must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct depends upon the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 852.

To establish prejudice under *Strickland,* a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 998 (8th Cir. 2010). In the sentencing context, prejudice exists when the movant shows that, had counsel presented another argument, the defendant likely would have received a much shorter sentence. *King,* 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of Strickland." *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005); *King,* 595 F.3d at 853-54. A movant is entitled to relief under § 2255 if an error by appellate counsel costs a defendant the opportunity to present a meritorious argument on direct appeal. *King*, 595 F.3d at 853 (involving plain error in the dismissal of a direct appeal on the basis of an unenforceable appeal waiver).

II.  **Discussion: No Deficient Performance or Prejudice**

A.  **Involuntary plea claims precluded.**

Welker alleges his attorney failed to properly inform him about the plea agreement and the nature of the charges against him. Filing No. 67. The defendant claims he did not plead guilty knowingly and voluntarily because he did not understand the appeal waiver and § 2255 waiver provisions. *Id.* at 6-7.[1] Additionally, Welker claims his attorney did not explain that Count VII alleged the use of a firearm in relation to a drug crime, rather than mere possession during the drug offense. *Id.* at 14. Welker

---

[1] The pages of the defendant's brief were filed out of order. Pinpoint cites in this Memorandum and Order refer to the pages in the order they were intended, as indicated by the numbers printed at the bottom of each page of Welker's brief.

4

alleges his attorney never fully informed him of the evidence in his case, even after this court continued the plea hearing to grant him an opportunity to do so. *Id.* at 12.

This court cannot review these claims. Under *United States v. Shabazz*, raising claims on direct appeal precludes them from consideration under a collateral § 2255 motion. *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). The Eighth Circuit determined Welker pleaded guilty knowingly and voluntarily. *Welker*, 382 Fed. Appx. at 535, 2010 WL 2542966. That decision, concerning the voluntary plea and therefore the enforceability of the appeal and § 2255 waivers, binds this court under the principles of res judicata.

**B.   Defendant fails to meet burden on remaining allegations.**

Welker alleges his counsel failed to investigate the factual basis for the charges against him. Filing No. 67 at 10. The defendant states that if his attorneys had made efforts to investigate, they would have found inconsistencies, proof that the government obtained evidence illegally, and proof of a conspiracy by confidential informants to frame the defendant. *Id.* at 10-13, 17. As a result, the defendant claims, counsel failed to object to insufficient factual basis for a guilty plea. *Id.* at 15-16.

Welker has not pleaded facts to support any of his conclusory allegations. The defendant fails to offer any details of what counsel should have investigated, witnesses who counsel should have interviewed, or any other factual matters for this court to consider. Nor does Welker provide any information about the alleged conspiracy to frame him, or a factual basis for the claim that the government illegally obtained evidence against him.

At the plea hearing, the court listed the elements of the charges against Welker, heard a summary of the evidence against him, and the defendant stated under oath that he committed the crimes to which he pleaded guilty.  Transcript of Plea Hearing, Filing No. 49 at 6-7, 31-34.  In light of the Eighth Circuit's decision in this case, the court finds Welker's statements at the plea hearing dispositive.  The defendant fails to demonstrate any deficient performance by his counsel at the discovery phase.  Furthermore, under the plea agreement, the defendant waived his right to challenge the legality of the evidence against him.  Filing No. 29 at 6.

Welker also alleges his counsel failed to argue for various adjustments at the sentencing phase.  Filing No. 67 at 24-27.  First, the defendant disputes the amount of controlled substance attributed to him.  *Id.* at 24.  He alleges he never reviewed materials documenting the amount of methamphetamine recovered.  *Id.*  The defendant never states that the government attributed the wrong amount to him, or that the Probation Officer calculated his sentence incorrectly.  Welker's statement that he did not review the evidence personally fails to establish that the evidence did not exist, or that the court committed any sentencing error.  Furthermore, the defendant consented to the amount of controlled substance attributable to him in the plea agreement.  Filing No. 29 at 4.

Second, Welker claims his attorney should have asked the court to remove a sentencing enhancement for "recency."  Filing No. 67 at 26.  The defendant claims both his attorney and the court should have known the Sentencing Commission would eliminate the recency enhancement the following year.  *Id.*  Welker fails to state how counsel should have known about the impending changes.  Even if his attorney had

6

objected to the enhancement, the parties had already agreed the defendant would serve 144 months under the plea agreement.  Filing No. 29 at 4.  Welker's sentencing was not prejudiced by his counsel's failure to make this argument.

Welker also argues his attorney should have requested a downward departure at sentencing.  Filing No. 67 at 27.  However, the defendant's plea agreement prohibited upward or downward departure.  Filing No. 29 at 4.  The defendant fails to demonstrate any deficient performance or prejudice at the sentencing phase of his case.

Finally, the defendant claims appellate counsel failed to brief and argue a claim of involuntary plea, or the merits of the case.  Filing No. 67 at 27.  Welker does not provide any further information to support this claim.  Even if true, counsel acted reasonably under the circumstances.  The defendant waived his right to appeal under nearly all potential grounds for relief.  *See* Filing No. 29 at 6.  His counsel had very few strategic options, if any, on appeal.  The defendant fails to demonstrate deficient performance or prejudice.

THEREFORE, IT IS ORDERED that the defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 66)  is denied.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 2nd day of July, 2013.

        BY THE COURT:

        s/ Joseph F. Bataillon
        United States District Judge